[S. F. No. 1411.   Department One.—March 24, 1899.]

CHARLES L. DINGLEY, JR., Respondent, v. R. H. McDON-
ALD et al., Defendants, JAMES M. McDONALD, Ap-
pellant.

INSOLVENT BANK—DEPOSIT—CHECK FOR DISHONORED DRAFTS—PAYMENT.
The amount of a deposit in a bank which became insolvent, was
not diminished by the amount of checks drawn for drafts which
were dishonored, and returned to the bank, and for the amount
of which the bank gave credit to the depositor.   The drafts did
not operate as payment of the checks, in the absence of an ex-
press agreement that they should so operate; and there was no
payment of the checks which could withdraw the deposit.

ID.—ACTION AGAINST STOCKHOLDERS—EVIDENCE—STATEMENT OF ACCOUNT.
In an action against the stockholders of the bank to recover
their respective shares of the deposit, where the amount of the
deposit was proved independently of a statement of account
signed by the manager of the bank, which statement was merely
the restatement of what the bank-book showed after the credit
therein of the amount of the checks given for the dishonored
drafts, and after surrender of the bank-book to the bank, and
where the bank-book was offered in evidence by both parties,
such statement of account is admissible in evidence to rebut
the presumption arising from the apparent reduction of the ac-
count by the amount of the checks prior to the subsequent
credit thereof.

ID.—ESTOPPEL OF DEFENDANTS.—The defendants, having offered the bank-
book in evidence, which contained the same statement of ac-
count when surrendered as that given in the restatement of
accounts by the manager, cannot object to the competency of
the restatement.

ID.—DECLARATION OF MANAGER AFTER INSOLVENCY—CONTROL OF DIRECT-
ORS.—The declaration of the manager of the bank after its insolven-
cy, showing the state of the accounts, while the bank was still
under the control of its directors, which did not purport to be
the creation of a new indebtedness, but purported to be the
statement of the old account, is as potent to exhibit the true
state of the account, after the protest and surrender of the
drafts, as was the book before their protest.

ID.—ASSIGNMENT OF CAUSE OF ACTION—AGENCY—VERBAL AUTHORITY.—
An assignment of a cause of action to recover the amount of a
deposit in a bank, or the proportionate share thereof against
the stockholders respectively, need not be in writing; and an
assignment thereof may be made by an agent acting in the name
of the principal upon verbal authority.

ID.—STATUTE OF LIMITATIONS — COMPUTATION OF TIME — EXCLUSION OF
FIRST DAY.—In computing the statute of limitations for the com-
mencement of such an action, the first day upon which the lia-
bility was created is to be excluded.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   James M. Troutt, Judge.

The facts are stated in the opinion.

Sawyer & Burnett, for Appellant.

H. A. Powell, and W. A. Dow, for Respondent.

PRINGLE, C.—This action is brought against stockholders of the Pacific Bank to recover the portions of the debts of the bank for which they are respectively liable as stockholders. Many claims are consolidated. But only in the case of two claims are questions presented on this appeal.

1. The complaint alleges that on the twenty-third day of June, 1893, there was on deposit in said bank belonging to and to the credit of H. D. Rowe, the assignor of the plaintiff, the sum of $4,891.01; that on said twenty-third day of June the bank closed its doors and suspended business. The answer denies that on the twenty-third day of June there was on deposit to the credit of Rowe any more than $228.25. The court finds that there was on deposit, as alleged in the complaint, the sum of $4,891.01. Appellant claims that the evidence is insufficient to justify the finding. The evidence shows that Rowe had that amount, $4,891.01, on deposit on the 17th of June; that on that day and on the 21st of June he drew two checks for drafts or bills of exchange by the Pacific Bank on the National Bank of Illinois at Chicago in favor of Charles A. Capwell. These checks were charged against his account and reduced the account on the books to $228.25, the balance shown by his bank book on June 22d. The checks were not paid in money, but were given for the drafts. The drafts were refused payment, were protested and returned to Rowe, and by him surrendered to the Pacific Bank. The bank gave him credit on his bankbook for the amount of the checks which it had charged against him, restoring his credit account to $4,891.01. This credit was not entered on the bankbook until December 14, 1893.

· The appellant claims that by the issuance of the drafts payable to Capwell the bank assumed a liability to him different to

its liability to Rowe for his original moneys on deposit; and that, whatever may be its liability on the drafts, it was not for moneys on deposit as charged in the complaint. But that is not of the substance of the transaction as between the bank and Rowe. Rowe had moneys on deposit with the bank. He instructed the bank to pay his moneys to Capwell in Chicago, and drew a check to appropriate moneys for such payment. The bank, by its draft upon Chicago, ordered payment to be made to Capwell, but the bank failed, payment was not made to Capwell, and the draft was protested and returned to the bank. This is the meaning of the transaction between Rowe and the bank, consisting of check and of draft protested and returned. There was no payment of the check which could withdraw Rowe's deposit. The draft was not received in payment of the check. It is well settled that a note, even if it be the note of a third person, or a bill of exchange in favor of another, does not operate as payment except by express agreement. The presumption is not in favor of its being received as payment. (*Comptoir d'Escompte de Paris v. Dresbach*, 78 Cal. 15, in which it was said that, when a check is given for payment of a debt, the giving of a receipt in full does not establish an agreement for an absolute payment; *Steinhart v. National Bank*, 94 Cal. 362, 28 Am. St. Rep. 132, in which the original note was stamped as "canceled"; *Savings etc. Soc. v. Burnett*, 106 Cal. 516, where the old obligation was surrendered.)

Appellant claims that it was error to admit in evidence the "claim" delivered by the bank to Rowe in the place of the bankbook surrendered by him. The claim is as follows:

"$4,891.01-100.   No. 1059.

"Certificate of Proof of Claim.

"San Francisco, August 5, 1895.

"This is to certify that the Bank of Sisson, Crocker & Co. (for Claim No. 52, H. D. Rowe, manager) has this day made legal and satisfactory proof that it is a creditor of the Pacific Bank, of San Francisco, California, to the amount of forty-eight hundred and ninety-one dollars and one cent, upon the following claim, to wit: Balance due on open account of said H. D. Rowe, manager, as per passbook now on file in Pacific Bank (for proof of claim see No. 52, filed December 12, 1893), and

said bank, or the lawful assignee of this claim, will be alone entitled to the dividends thereon. No assignment of this claim or any portion thereof will be recognized in the payment of dividends, unless notice of such assignment is given and entered upon the books of the bank before such dividends are declared, as evidenced by the indorsements hereon. This certificate is to be surrendered to the bank upon the payment of the final dividend.                                  "PACIFIC BANK,

"By J. E. Farnum, Manager."

It is contended by the appellant that this claim is a mere declaration by an officer of the bank, made after the insolvency, and that even if it be admissible against the bank it cannot affect the stockholders. If it were relied on as proof of the original deposit, there might be force in the contention. But the original deposit was clearly proved. The controversy is only over the account, whether the deposit remained undiminished or whether it was reduced to $228.25. And upon this question the bank-book was introduced in evidence by both sides, the appellant expressly offering it on his behalf. This claim was merely the restatement by the manager of what the bank-book offered by the appellant showed, being delivered to Rowe in place of the bank-book when he surrendered his book to the bank. Hence the appellant could not object to its competency, whatever fault he might find with its weight or significance. The bank-book which he had offered in evidence was itself merely the declaration of an officer of the bank; this claim was the declaration of its manager.

But indeed the deposit was, as we have said, proved without the claim. The case really depends upon the effect of the checks drawn for the purchase of the drafts. If they were not paid by the drafts, the deposit stood unreduced; and this is the plaintiff's case. The subsequent declarations of officers of the bank were only corroborative of the case thus made by the plaintiff. They were not necessary to the plaintiff, and for that reason were of no injury to the defendant. Besides, they were admissible to rebut the presumption claimed by the appellant to arise from the delivery to Rowe of the bank-book showing on the 23d of June a balance in his favor of $228.25. Appellant claims that the failure by Rowe, for some uncertain time,

to protest against the apparent reduction of his account made an account stated between the parties by reason of his presumed assent. This presumption is rebutted by the entry which the bank-book offered by him shows to have been made in it on December 14th, and by this claim, afterward substituted for the bank-book. They were both declarations, as potent to exhibit the true state of the account after the protest and surrender of the drafts as was the book before their protest.

That the claim was a declaration made after the insolvency of the bank was in this aspect not fatal to it. The bank was still under the control and management of its directors. (*Long v. Superior Court,* 102 Cal. 449.). The claim was signed by the manager. It did not purport to be the creation of a new indebtedness, but to be the statement of the old account.

2. The same point is made in reference to a deposit of $250 made by the plaintiff on June 13th, against which a check was drawn in purchase of a draft on Chicago. The facts are substantially the same; and the same reasoning applies.

3. An assignment of cause of action is made by F. M. Parcells, acting for and in the name of Mrs. Fitch. Her authority to him was only verbal. But, as such an assignment is not required to be in writing, the verbal authority was sufficient.

4. The only other point made by the appellant is, that the claim of Mrs. Fitch was barred by the provisions of section 359 of the Code of Civil Procedure, which requires the action to be brought within three years "after the liability was created." Mrs. Fitch deposited $208.85 on the tenth day of March, 1893. Action was brought on the tenth day of March, 1896. There were at one time conflicting decisions in England and in this country on this question, many cases holding that in the computation of time the first day should be included. The appellant cites a case to that effect. (*Presbrey v. Williams,* 15 Mass. 193.) But in *Bemis v. Leonard,* 118 Mass. 502, 19 Am. Rep. 470, Mr. Justice Gray reviews the cases in both countries with much learning and discrimination, and shows that the whole current of modern authority in both countries is in favor of excluding the first day in cases where the expression of our statute is used "after the liability was created." The case of *Presbrey v. Williams, supra,* is discredited in that case. (*Weeks v. Hull,* 19

Conn. 379; 50 Am. Dec. 249; *Cornell v. Moulton*, 3 Denio, 12.) In this state the case is set at rest by section 12 of the Code of Civil Procedure, which requires the exclusion of the first day. (*Misch v. Mayhew*, 51 Cal. 514.)

I advise that the judgment and order denying new trial be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and the order denying new trial are affirmed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.