[Civ. No. 1485.  Second Appellate District.—May 18, 1914.]

## THE FIRST NATIONAL BANK OF LONG BEACH (a Corporation), Appellant, v. H. B. ZIEGLER, Respondent.

Limitation of Actions—Computation of Time—Exclusion of Day of Maturity of Obligation.—In computing the time constituting the period embraced within the statute of limitations, the day of the maturity of the obligation sued upon should be excluded.

Id.—Promissory Note—Computation of Period of Limitation.—An action on a promissory note dated April 12, 1908, and made payable "on demand after date," commenced on the twelfth day of April, 1912, is not barred by the four-year statute of limitations, fractions of days not being considered and the day of maturity (assumed to be the day of the making of the note) being excluded in computing the period of limitation.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Daly & Daly, for Appellant.

Myron W. Tilden, and W. A. Sumner, for Respondent.

JAMES, J.—Action brought on a promissory note dated April 12, 1908, and made payable "on demand after date." The suit was commenced on the twelfth day of April, 1912. Defendant had judgment upon the finding of the court that the cause of action was barred by the provisions of section 337, subdivision 1, of the Code of Civil Procedure.  Plaintiff has appealed from the judgment and presents the judgment-roll.  The only matter in controversy on this appeal is whether the trial court correctly determined that the four-year period of limitation had fully run against plaintiff's cause of action.  If the day upon which the note was dated is to be included in the computation of the time, then the trial judge was correct in his conclusion; if that day is to be excluded, then plaintiff's action was in time and it should have had judgment.  Section 312 of the Code of Civil Procedure provides as follows: "Civil actions, without exception,

can only be commenced within the periods prescribed in this title, *after the cause of action shall have accrued,* unless where, in special cases, a different limitation is prescribed by statute.'' Section 337 of the same code, which was pleaded by the defendant, provides that an action upon any contract founded upon an instrument in writing executed within this state, must be commenced ''within four years.'' Reading this section, as it must be read, in connection with the provision contained in section 312 which we have italicized, results in the limitation here invoked being read in this form: ''An action upon any contract, obligation or liability founded upon an instrument in writing executed within this state, must be commenced within four years after the cause of action shall have accrued.'' It has been held that a note containing the condition that this note did as to payment, to wit: ''on demand after date,'' should be considered as a note payable immediately after the making thereof. (*O'Neil* v. *Magner,* 81 Cal. 631, [15 Am. St. Rep. 88, 22 Pac. 876].) Without assenting finally to the law as it is so declared in the case just cited, it may be assumed that the note in suit did mature on the day of its making, for by so assuming respondent's contentions are presented in their strongest light. The note in suit, then, matured on the twelfth day of April, 1908. In computing the time constituting the period embraced within a statute of limitation, courts in the earlier decisions have differed as to whether the day of maturity should be included. The later cases, however, are quite uniformly harmonious in their holding that that day should be excluded. Especially where the provisions of the statute are, as in our statute, that the time shall be computed after the cause of action shall have accrued; and as fractions of a day are not considered, it has been sometimes declared in the decisions that no moment of time can be said to be after a given day until that day has expired. In an early Massachusetts case (*Presbrey* v. *Williams,* 15 Mass. 193) the supreme court of that state held that ''the action was not brought within six years next after the cause of action accrued'' on a demand note where, by including the day of the date of the note, the full period prescribed had expired on the day preceeding that when action was commenced. For a number of years this case was considered by appellate

courts of neighboring states, by some criticised and seldom followed. In a later case in the same Massachusetts court, *Seward* v. *Hayden,* 150 Mass. 158, [15 Am. St. Rep. 183]; 5 L. R. A. 846, [22 N. E. 629], the contrary rule was declared and the court there said: ''We think the decisions in these and in some other cases in this court are so inconsistent with that in *Presbrey* v. *Williams* as virtually to have overruled it, and it can therefore no longer be considered an authority in this court.'' Under statutes of limitation in substance the same as ours, the Connecticut supreme court determined that the day of the date of the note was to be excluded in computing the period of limitation, and a like holding was made under similar statute and in a similar case by the supreme court of New York. See *Blackman* v. *Nearing,* 43 Conn. 56, [21 Am. Rep. 634]; *Cornell* v. *Moulton,* 3 Denio (N. Y.), 12. While a different statute was being considered in the case about to be mentioned the argument by our supreme court is favorable to the view announced in the decisions last cited: *Dingley* v. *McDonald,* 124 Cal. 90, [56 Pac. 790].

The judgment is reversed, with direction to the trial court to enter judgment in favor of plaintiff on the facts as admitted by the pleadings and determined in the findings.

Conrey, P. J., and Shaw, J., concurred.