[Civ. No. 17363.   First Dist., Div. One.   Oct. 31, 1957.]

HELEN HAYES OVERBY, Respondent, v. HOWARD N. OVERBY, Appellant.

Norman S. Menifee for Appellant.

Carr, McClellan, Ingersoll & Thompson for Respondent.

BRAY, J.—This appeal by defendant husband from an interlocutory decree of divorce granted plaintiff wife raises the question of how the year required to expire between the interlocutory and final decrees shall be computed.

### RECORD

Plaintiff sued for divorce upon the grounds of extreme cruelty. Defendant cross-complained for an annulment on the ground that plaintiff's previous marriage had not been annulled at the time of her marriage to defendant on September 11, 1949. At the trial it appeared that plaintiff had obtained an interlocutory decree of divorce from her former husband on September 10, 1948, and a final decree on September 13, 1949 (two days after her marriage to defendant). However, the day before the trial herein commenced (December 12, 1955) a final decree of divorce was ordered entered *nunc pro tunc* as of September 10, 1949. Defendant contended that this decree was void because a full year from

the date of entry of the interlocutory decree (September 10, 1948) had not expired on September 10, 1949. The trial court herein agreed with that contention but on January 6, 1956, vacated that decree and entered a final decree of divorce as of September 11, 1949. That date was a Sunday and defendant contends that therefore the order entering the final decree as of that date is void. The court denied defendant's plea for an annulment and granted plaintiff a divorce.

■ If the year required by section 132, Civil Code, had expired by September 10, 1949, then this decree was valid and the court had no power to set it aside. In that event, plaintiff was fully divorced when on September 11, 1949, she married defendant. Section 132, Civil Code, provides that the final decree of divorce may be entered "When one year *has expired* after the entry of such interlocutory judgment . . ." (Emphasis added.) Government Code, section 6803, provides that a year is a period of 365 days. Section 6806 provides that a day is the period of time between one midnight and the following midnight. Government Code, section 6800, Code of Civil Procedure, section 12, and Civil Code, section 10, all provide that the time in which an act is to be done is computed by excluding the first day and including the last day. The question of the method of computing the time required between the entry of the two decrees in a divorce action heretofore has not been passed upon in this state. We see no reason why the method provided by section 12, Code of Civil Procedure, and section 10, Civil Code, should not apply. *Willson* v. *Superior Court* (1948), 84 Cal.App.2d 185 [190 P.2d 333] did not discuss the method of computing but did state in a proceeding to mandamus the superior court to enter an interlocutory decree of divorce *nunc pro tunc,* that if the interlocutory decree were entered *nunc pro tunc* as of August 18, 1942, a final decree entered as of August 19, 1943, would validate the petitioner's marriage on August 21, 1943. In *Ringel* v. *Superior Court* (1942), 54 Cal.App.2d 34 [128 P.2d 558], a writ of mandate was issued compelling the superior court to enter a final decree *nunc pro tunc* as of April 2, 1932, where the interlocutory decree had been entered April 2, 1931. *Estate of Hughes* (1947), 80 Cal.App.2d 550 [182 P.2d 253], held that the second marriage of the decedent was validated by a *nunc pro tunc* final decree as of March 4, 1927, where the interlocutory decree was entered March 4, 1926. In neither the Ringel nor the Hughes case was the method of computing the year discussed, although

the ruling was such as to justify holding that the decree in the instant case was valid. Another case which would sustain that decree is *In re Halamuda* (1948), 85 Cal.App.2d 219 [192 P.2d 781], which dealt with subdivision (b), section 701, Welfare and Institutions Code, which provides that a ward of the juvenile court may be freed from the custody of his parents if he has been such ward ''for the period of one year continuously immediately prior to the filing of a petition. . . .'' The child had been made a ward on February 26, 1946. The petition was filed February 26, 1947. The court held that the petition was not prematurely filed. In *Kelly* v. *State Personnel Board* (1939), 31 Cal.App.2d 443, 445 [88 P.2d 264], it was held that an eight months' probationary period beginning on December 20, 1934, would expire at midnight on August 19, 1935. *Cosgriff* v. *Election Commissioners* (1907), 151 Cal. 407 [91 P. 98], cited with approval in *In re Halamuda, supra,* 85 Cal.App.2d 219, dealt with the then section 1192, Political Code, requiring certain certificates of party nominations to be filed not less than 20 days before the day of election. The certificate in question was filed October 17; the election was held November 6. The court then excluded November 6 as the first day of the period and then found October 17 to be the last day of the period and included it. It then held that the certificate was filed not less than 20 days before the day of election. By that method of computation the election was held on the 20th day which the court held was not less than 20 days after the filing of the certificate. By so doing, however, the court said that it was applying the proper rule, namely, excluding the first day and including the last day.

Section 133, Civil Code, provides: ''Whenever either of the parties in a divorce action is, under the law, entitled to a final judgment, but by mistake, negligence or inadvertence the same has not been signed, filed and entered, if no appeal has been taken from the interlocutory judgment or motion made for a new trial to annul or set aside the judgment or for relief under Chapter 8, Title 6 of Part 2 of the Code of Civil Procedure, the court, on the motion of either party thereto or upon its own motion, may cause a final judgment to be signed, dated, filed and entered therein granting the divorce as of the date when the same could have been given or made by the court if applied for. The court may cause such final judgment to be signed, dated, filed and entered *nunc pro tunc* as aforesaid, even though a final judgment may have

been previously entered where by mistake, negligence or inadvertence the same has not been signed, filed or entered as soon as it could have been entered under the law if applied for."

In *Macedo* v. *Macedo* (1938), 29 Cal.App.2d 387 [84 P.2d 552], a *nunc pro tunc* final decree was applied retroactively to a date prior to the enactment of Civil Code, section 133, in validating a second marriage. The court there said (p. 391): "The act is both curative and remedial, and the retroactive operation of such statute should be given effect unless it disturbs some vested right or impairs the obligation of some contract. [Citations.]

"Here, however, we can perceive no vested rights in appellant. He had no vested right to disolve his marriage status in any particular manner. In fact it would be the tendency of the law to validate the marriage rather than to find ways of destroying it. It confirms rather than impairs the contract. Acts validating invalid contracts have been sustained where the act goes no further than to bind a party to a contract which he has attempted to enter into but which was invalid by reason of some personal inability or through neglect of a legal formality."

*Estate of Hughes, supra,* 80 Cal.App.2d 550, at page 553, states that the purpose of Civil Code, section 133, was ". . . to validate otherwise void marriages and thus relieve the parties to such marriages from the stigma and other consequences of bigamous relationships into which they might innocently fall by reason of oversight or neglect to have a final decree entered. Mere entry of the *nunc pro tunc* judgment acts retroactively to restore them to the status of single persons. . . . It is all strictly artificial, but so is the semi-divorced status occupied by the holders of an interlocutory decree."

If we adopt the method used in the Cosgriff case, namely, start with September 10, 1949, the day as of which the final decree was ordered entered, and count 365 days back, the 365th day would be September 10, 1948, and no question could arise. Counting the other way the 365th day is September 10, 1949. We see no reason why, as assumed in the Ringel and Hughes cases, *supra,* the requirement that a year expire between the two decrees is not satisfied. As pointed out in the cases herein cited, it is the duty of the courts to validate the marriage rather than to find ways of destroying it. Such an interpretation would be in keeping with the ideas of the

average layman. As to birthdays, it is the universal custom to consider that a year has expired from one birthday to another, that is, a year would have expired between the two September 10ths.

As we hold that the order entering a final decree of divorce as of September 10, 1949, is a valid one, the order entering the decree as of September 11th was a nullity. The trial court properly denied the annulment.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.