[Civ. No. 24937.   Second Dist., Div. Two.   Nov. 28, 1960.]

MILDRED ELMINA REICHARDT, Appellant, v. ERNEST ALVIN REICHARDT, Respondent.

Lauren M. Handley for Appellant.

Harry V. Leppek for Respondent.

ASHBURN, J.—Plaintiff-wife appeals from order dismissing her motion for modification of interlocutory decree of

divorce with respect to alimony provisions. The ruling plainly was based upon want of jurisdiction.

The decree granted a divorce to each party and provided: "The defendant and cross-complainant is further hereby Ordered and directed to pay to plaintiff the sum of $150.00 per month by way of alimony, payable in instalments of $150.00 on the first day of each and every month for a period of three full years from and after the date of the entry of this Interlocutory Judgment." It was signed and filed on February 28, 1957, and entered on March 1, 1957. Defendant made payments on said March 1, 1957, and regularly thereafter to and including January 30, 1960, 36 payments in all. On February 16, 1960, after the making of the thirty-sixth payment, plaintiff procured an order directing defendant to show cause on March 8, 1960, why the alimony provision should not be modified, because of changed circumstances, to require defendant to pay $150 a month for plaintiff's support for the remainder of her lifetime. Her supporting affidavits showed dire need of such relief and seemed to present a case of necessarily relying upon the county for support in the absence of such continued payments by the husband; the trial court, concluding it had no jurisdiction, dismissed the order to show cause on March 16, 1960, and plaintiff thereupon appealed.

Appellant's position is that the full three-year period did not expire until March 1, 1960, and hence an application initiated on February 16, 1960, was timely, though noticed for March 8, 1960, beyond the three-year period. Opposing counsel makes no point of the fact that the order was not returnable before the end of the three-year period and could not do so successfully (see *Schraier* v. *Schraier,* 163 Cal.App. 2d 587, 589 [329 P.2d 544] ; *People* v. *Wilcox,* 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522]), but he contends that the judgment required only 36 payments, that all had been made as specified by the court, that the period expired on February 1, 1960, the date when the 36th payment was due; that an application filed after that last payment was too late, the court's jurisdiction to modify having expired.

We have concluded that appellant's position is correct. The applicable general rule is thus stated in 47 California Jurisprudence 2d, section 11, page 672: "It is provided by law that the time within which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last is a holiday, and then it also is excluded. This is the general or ordinary rule for the compu-

tation of time. Before a given case will be deemed to come within an exception, the intention must be clearly expressed to provide a different method of computation."

It is said in *Municipal Imp. Co.* v. *Thompson,* 201 Cal. 629, 632 [258 P. 955] : "It was early recognized as settled that 'where the reckoning is to be made from an "act done [here the posting of the notice on September 25th] the day upon which it was done must, of necessity, be counted as one day, because if that day be excluded, then the count, instead of being from the act itself, is really from the day following the doing of the act, which would be a subsequent point of time" ' [citations]. This is true especially when, as here, there is no indication that the day on which the act was done was intended to be excluded." But application of that rule was limited in *Ley* v. *Dominguez,* 212 Cal. 587, 594 [299 P. 713], to cases in which it appears that that rule clearly would be promotive of substantial justice. At page 594 it is said: "Counsel seek to avoid the ordinary rule of computation of time, which excludes the first day and includes the last, as set forth in section 12 of the Code of Civil Procedure and section 12 of the Political Code, on the theory that the statutory rule has no application to a situation when the reckoning is to be made from an 'act done.' In such a case, it is contended, the day upon which the act is to be done must be counted as one day. (*Municipal Improvement Co.* v. *Thompson,* 201 Cal. 629, 631 [258 P. 955].) Assuming the existence of such an exception to the ordinary rule for computation of time, we do not believe the situation here presented comes within the exception. The express language of section 281 of the charter is that no ordinance shall go into effect 'until' the expiration of thirty days from its publication. Properly interpreted, this would seem to mean thirty days *after* the publication, which necessarily excludes the day of publication."

*Scoville* v. *Anderson,* 131 Cal. 590, 594 [63 P. 1013], discusses this matter and shows that the computation method of the Municipal Improvement Company case, *supra,* is an ancient English rule which is not consistent with our statutory provisions, referring specifically to Code of Civil Procedure, section 12, Civil Code, section 10, and Political Code, section 12 (now Gov. Code, § 6800). That the Municipal Improvement Company rule should be applied only to exceptional cases is pointed out in *Union Oil Co.* v. *Domengeaux,* 30 Cal. App.2d 266, 273 [86 P.2d 127]. (See also *Overby* v. *Overby,* 154 Cal.App.2d 813, 814 [317 P.2d 91] ; 52 Am.Jur., § 17, p. 342; § 27, p. 352.) Volume 86, Corpus Juris Secundum,

section 13(3), page 851, says: "The words 'from' and 'after' are frequently used as adverbs of time, and, while they may be so used that they will include the *terminus a quo*, they are more frequently employed as exclusive of the *terminus a quo*, and thus it is the generally accepted rule that in computing a period of time 'from' or 'after' a day, date, act, or event, the *terminus a quo* is excluded and the *terminus ad quem* is included."

*Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 759 [161 P.2d 217, 162 A.L.R. 747], construing the meaning of section 1624, Civil Code, subdivision 1, which brings within the statute of frauds an agreement that by its terms is not to be performed "within a year from the making thereof," said: "In applying that provision of the statute (Civ. Code, § 1624, subd. 1), requiring an agreement to be in writing which by its terms is not to be performed 'within a year from the making thereof,' the words 'from the making thereof' are now uniformly construed to exclude the day upon which the agreement is made; that is, the year is considered to begin with the following day and to end at the close of the anniversary of the day on which the agreement is made (*Nickerson* v. *Harvard College*, 298 Mass. 484 [11 N.E.2d 444]; 114 A.L.R. note, p. 416; 49 Am.Jur., § 24, p. 385; § 54, p. 411; Rest., Contracts (vol. 1), § 198, comment d)."

It thus becomes apparent that the "three full years" of the decree now under scrutiny began on March 2, 1957, and expired on March 1, 1960, unless perchance there is something in the judgment to indicate the contrary. We find no such intimation in it. The requirement is that monthly payments be made over a period of three full years, not merely one for the making of 36 payments. They are to start "from and after" date of entry of decree, not the date of signing or filing of same. It is doubtful that any payment was actually due on March 1, 1957, for that day should be excluded in a proper computation of the three-year period. Had entry occurred on March 2, 1957, it would be clear that the first payment would be due on the first of April and the 36th one on March 1, 1960. The fortuitous circumstance that entry of judgment occurred on March 1 rather than March 2 or some later date cannot affect the manifest intention of the court that the period for payments of alimony should be determined upon a calendar basis rather than the number of payments. Of course, respondent's making of payments in advance could not shorten the period specified in the judgment.

At the time of filing appellant's petition for modification there was one more payment to be made, on March 1, 1960. Unmistakably that filing was made within the three full years prescribed by the court.

■ It is settled by the authorities that in cases of alimony awarded for a specified limited period an application for modification may be made within that period and the court may grant same though nothing is said in the alimony order or judgment concerning modification or reservation of jurisdiction. On the contrary no such relief can be granted upon an application filed after that period for the court's jurisdiction ceases with the expiration of the specified term. (See *Tolle* v. *Superior Court,* 10 Cal.2d 95, 97 [73 P.2d 607]; *McClure* v. *McClure,* 4 Cal.2d 356, 361 [49 P.2d 584, 100 A.L.R. 1257]; *Simpson* v. *Simpson,* 134 Cal.App.2d 219, 221-223 [285 P.2d 313]; *Schraier* v. *Schraier, supra,* 163 Cal.App. 2d 587, 589.)

The instant application for modification having been filed within the prescribed three-year period, it was timely and the court's attempt to divest itself of jurisdiction was erroneous.

Order reversed and cause remanded to lower court for further proceedings not inconsistent with this opinion.

Fox, P. J., and Kincaid, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.