[Civ. No. 25201.   Second Dist., Div. One.   June 1, 1961.]

PATRICK WIXTED, Appellant, v. ALBERT FLETCHER, Respondent.

Garibaldi & Lane, James D. Garibaldi, Warren J. Lane and Abe Mutchnik for Appellant.

Joseph J. Jonesi for Respondent.

LILLIE, J.—On February 5, 1960, plaintiff instituted the present action to recover damages for personal injuries suffered on defendant's premises, assertedly due to the latter's negligence, on February 5, 1959. Defendant demurred to the complaint, claiming the bar of the action by the one-year statute of limitations (Code Civ. Proc., § 340, subd. 3). The demurrer was sustained with leave to amend; plaintiff having declined to amend, the trial court thereafter filed its order, upon defendant's application, dismissing the action. On March 28, 1961, a motion to dismiss the present appeal on the ground that such order of dismissal is not appealable was denied. (*Jeffers* v. *Screen Extras Guild, Inc.*, 107 Cal.App.2d 253, 254 [237 P.2d 51].) ▇▇ Left for determination, therefore, is the sole issue: Is a complaint for personal in-

juries allegedly suffered on February 5, 1959, barred by the controlling one-year statute (Code Civ. Proc., § 340, subd. 3) if the complaint is filed on February 5, 1960, the anniversary date of the injuries? We hold that it is not.

The limitation declared by section 340, Code of Civil Procedure is as follows: "Within one year . . . 3. An action for libel, . . . or for injury to or for the death of one caused by the wrongful act or neglect of another, . . ." Respondent contends that the word "within" as contained in the statute means "not longer in time than; before the end or since the beginning of; as, within an hour" (Webster's New International Dictionary, 2d ed., unabridged, 1939); it is also pointed out that in *French* v. *Powell*, 135 Cal. 636, 641 [68 P. 92] (followed in *Williamson* v. *Egan*, 209 Cal. 343, 348 [287 P. 503]) the term "within" was held to mean "not beyond" and " 'any act is within the time named that does not extend beyond it.' " Therefore, says respondent, "the time for commencing the (present) action expired at the end of the day February 4, 1960, and any time after that was not *within* the one year time." We do not believe that the cited cases are authority for respondent's position; they actually relate to factual situations where the action was assertedly filed *too soon* rather than *too late*—in such circumstances it became necessary to distinguish between "within" and "prior."

In California we have a general time computation statute: "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (Code of Civ. Proc., § 12).[1] In *Dingley* v. *McDonald*, 124 Cal. 90 [56 P. 790], the rule of exclusion of the first day was applied in rejecting the claim that the action (against the stockholders of a banking corporation) was barred by section 359, Code of Civil Procedure, requiring such action to be

[1] "Various reasons have been advanced as to the basis of the rule excluding the day of the accrual of the cause of action in computing the running of the statute of limitations. One of the grounds most frequently advanced is that the computation of time should be so made as to protect a right and prevent a forfeiture if this can be done without violating a clear intention or a positive statutory provision . . . Still another theory of excluding the day is to treat it as an indivisible point of time only, and to regard any act done in the compass of it as no more referable to any one than to another portion of it. The act and day are considered coextensive, with the result that the act cannot properly be said to pass until the day is passed." (34 Am.Jur., Limitation of Actions, § 252, p. 207.)

brought *"within"* three years "after the liability was created"—the money was deposited on March 10, 1893, and suit was commenced on March 10, 1896. Decisions from other jurisdictions were relied on by appellant, but the court said: "In this state the case is set at rest by section 12 of the Code of Civil Procedure, which requires the exclusion of the first day" (p. 95). The reasoning of the Dingley case was adopted in *First National Bank* v. *Ziegler,* 24 Cal.App. 503 [141 P. 938]; an action on a promissory note dated April 12, 1908, and made payable "on demand after date," suit was commenced on April 12, 1912; this court held that the action was not barred by the applicable four-year statute of limitations since the day of maturity (assumed to be the day of the making of the note) must be excluded in computing the period of limitation. *Donian* v. *Danielian,* 90 Cal.App. 675 [266 P. 817], was an action to recover on an Illinois judgment; the defendant contended that the cause of action set out in the amended complaint was barred by section 336, Code of Civil Procedure, limiting the time *"within"* which the action might be brought to five years. Said the court: "It appears from the record that the date of the judgment . . . was November 16, 1917, and that the original complaint in this action was filed November 16, 1922. Excluding the first date and including the last, it appears that this action was brought within the five years" (p. 678). Again, in *Union Oil Co.* v. *Domengeaux,* 30 Cal. App.2d 266 [86 P.2d 127], the controversy arose because of defendants' "slant-drilling" of a well in the Signal Hill oil field; defendants' activities were said to constitute a nuisance. Among other assignments of error, it was argued that the action was barred by Section 349¾, Code of Civil Procedure, requiring the action to be brought "within one hundred eighty days"—defendants claimed that suit was commenced "one day too late." Calling attention to "the general rule for the computation of time which provides for the exclusion of the first day and the inclusion of the last," the court went on to say: "If said general rule applies, the action was filed in time. But it is argued that the general rule does not apply here because of the wording of the statute. In other words, it is claimed that the language of the statute indicates that an exception to the general rule was intended. We do not so read it. As was said in *Ley* v. *Dominguez,* [212 Cal. 587 (299 P. 713)], *supra,* at page 594, 'The gravest considerations of public order and security require that the method of computing time be definite and certain. Before a given case will

be deemed to come under an exception to the general rule the intention must be clearly expressed that a different method of computation was provided for.' '' (pp. 272-273).

The observations of the court in the Ley case, just quoted, are particularly pertinent here; not only do "considerations of public order and security require that the method of computing time be definite and certain," but some measure of uniformity in the law is achieved by adherence to the principles declared in the cited case. Thus, for years the rule of the first day's exclusion has been applied in a variety of procedural situations: It is applicable in computing the time for filing notice of appeal (*O'Donnell* v. *City & County of San Francisco,* 147 Cal.App.2d 63 [304 P.2d 852]), the period for service of notice to dismiss an action (*Welden* v. *Davis Auto Exchange,* 153 Cal.App.2d 515 [315 P.2d 33]), the time within which a writ of attachment is issued (*Scoville* v. *Anderson,* 131 Cal. 590 [63 P. 1013]), whether a year has elapsed between interlocutory and final divorce decrees (*Overby* v. *Overby,* 154 Cal.App.2d 813 [317 P.2d 91]) and whether an action to foreclose a mechanic's lien was filed within the prescribed period. (*Pacific Sash & Door Co.* v. *Bumiller,* 162 Cal. 664 [124 P. 230, 41 L.R.A. N.S. 296].) There are already enough legal subtleties without adding the further refinement that one rule of time computation must be applied to certain statutes of limitation and still another to procedural situations.

Furthermore, we note that "the overwhelming weight of authority supports the general rule that in the computation of time prescribed by the statute of limitations, the first day or the day upon which the cause of action accrued is to be excluded." (20 A.L.R.2d 1250, anno.) Jurisdictions (listed in the annotation) following the majority rule include California (citing *First Nat. Bank* v. *Ziegler, supra; Donian* v. *Danielian, supra,* and *Union Oil* v. *Domengeaux, supra*), Massachusetts (citing a personal injury case), Michigan, Minnesota (citing a wrongful death case), Missouri (citing a wrongful death case), New Jersey (citing a personal injury case), New York, Ohio, Pennsylvania (citing a wrongful death case), Washington, Texas (citing a personal injury case) as well as the United States Supreme Court and federal appellate and trial courts; only four states are listed as definitely adhering to the minority view: Georgia, Kansas, Kentucky and Wisconsin. We are not impressed by respondent's argument that *Dingley* v. *McDonald, supra,* 124 Cal. 90, relates to "a statute that is different from the one in question"; in *First*

*Nat. Bank* v. *Ziegler, supra,* (cited in the above annotation) it is said: "While a different statute was being considered in the case about to be mentioned the argument by our supreme court is favorable to the view announced in the decisions just cited: *Dingley* v. *McDonald,* 124 Cal. 90 [56 P. 790]." (24 Cal.App. at p. 505.) We adopt the same reasoning in answer to the further suggestion by appellant that there is no case authority in California involving the precise limitation statute at bar, namely, section 340, subdivision 3, Code of Civil Procedure; as noted previously, however, in other jurisdictions the same rule for computing time prevails in actions ex delicto as well as in actions ex contractu.

A brief reference is made to *United States* v. *Bussey,* 51 F. Supp. 996 which is relied on by respondent; headnote 11 sufficiently explains its distinguishability: "Under California law *where circumstances surrounding transaction do not suggest exclusion of first day* in interpretation of time, transaction is taken out of statutory rule that time in which any act provided by law is to be done is computed by excluding first day and including last day. Code of Civil Procedure, California, Sec. 12" (emphasis added). There are no such unusual or unique circumstances at bar.

The order is reversed with instructions to the trial court to overrule the demurrer and permit the defendant a reasonable time to answer.

Wood, P. J., and Fourt, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied July 26, 1961.