[Civ. No. 36354. First Dist., Div. Four. Mar. 17, 1976.]

K.N.C. WHOLESALE, INC., Plaintiff and Appellant, v.
AWMCO, INC., et al., Defendants and Respondents;
JAPE, INC., et al., Third Party Claimants and Respondents.

**COUNSEL**

Caditz & Garcia, Coleman G. Buford III and Gerald M. Caditz for Plaintiff and Appellant.

Brobeck, Phleger & Harrison, Hamilton W. Budge, Aubin K. Barthold and Herb G. Lien for Third Party Claimants and Respondents.

No appearance for Defendants and Respondents.

**OPINION**

CHRISTIAN, J.—K.N.C. Wholesale, Inc. (K.N.C.; appellant) took judgment against AWMCO, Inc. and VANSCO, Inc. To satisfy K.N.C.'s judgment, a writ of execution was levied on certain personal property. JAPE, Inc. and Wells Fargo Bank, claiming through JAPE (respondents), filed a third-party claim to the property. K.N.C. petitioned for a hearing of the third-party claim pursuant to Code of Civil Procedure section 689, and the execution sale was stayed pending that hearing.

The court allowed the third-party claims of JAPE and Wells Fargo Bank, and directed the sheriff to release the property. The present appeal followed.

AWMCO had given as security for a loan from Wells Fargo Bank a financing statement covering certain equipment. The financing statement was executed August 8, 1972, and filed with the Secretary of State August 23, 1972. AWMCO was a subsidiary of JAPE. In February 1973, JAPE assumed the AWMCO loan and later repaid the bank in full. In consideration for the payment of its loan, AWMCO transferred stock to JAPE.

To obtain a Small Business Administration loan from Wells Fargo, JAPE executed a security agreement with Wells Fargo on February 8, 1973, covering the same equipment which had been pledged by AWMCO to Wells Fargo in 1972; a financing statement was executed February 8, and filed February 14, 1973. No writing was ever executed to transfer title to the equipment or to give a security interest from AWMCO to JAPE.

Appellant contends that there was no evidence of transfer of title to the property from AWMCO to JAPE and that the levy of execution was effective. Janney, president of JAPE, testified that he "assumed" that title had been transferred from AWMCO to JAPE. Janney admitted that there was no writing reflecting such a transfer. The only basis given by Janney for his assumption was a resolution of the board of directors of JAPE on October 26, 1972, which stated: "Resolution adopted for a Continuous Guarantee for AWMCO & VANSCO thru Wells Fargo

Bank. To be executed by Secretary." The only guarantee in evidence was executed November 1, 1972, by JAPE to Wells Fargo Bank guaranteeing the credit of VANSCO (as Vantage National Sales Co., Inc.) for an indebtedness of up to $25,000; there is no reference to a transfer of property from AWMCO or VANSCO to JAPE in this document. That was not evidence supporting an inference that the documents acted to transfer title; thus Janney's "assumption" does not itself constitute substantial evidence that title was ever transferred. No evidence was presented to show perfection of any claimed security interest in the AWMCO property on behalf of JAPE. Therefore, there is no substantial evidence to support an implied finding that title to the property was transferred to JAPE.

Appellant contends that JAPE did not have an interest in the collateral and that its security agreement with Wells Fargo therefore did not give Wells Fargo priority over the judgment lien of appellant. A security interest attaches when (1) there is agreement to that effect, (2) value is given, and (3) the debtor has rights in the collateral. (Cal. U. Com. Code, § 9204, subd. (1) [before amendment, Stats. 1974, ch. 997, § 17].)[1] A security interest can be perfected by the filing of a financing statement. (§ 9302, subd. (1).) If the JAPE-Wells Fargo security agreement properly attached, the filing of the agreement February 14, 1973, was an attempt to perfect it. Appellant did not attempt to become a lien creditor as to the property until levy was made upon the property by the sheriff August 29, 1974. (§ 9301, subd. (3).) The JAPE-Wells Fargo security agreement, if it were properly perfected first, would have priority over appellant's judgment lien. (§ 9312, subd. (5)(b) [now subd. (5)(a), amended by Stats. 1974, ch. 997, § 30, effective Jan. 1, 1976].) The critical issue is whether the debtor, JAPE, had rights in the collateral upon which a security interest could attach.

There is no doubt that two of the three factors required for attachment of the security interest, agreement and the giving of value, were satisfied; a security agreement was entered into between JAPE and Wells Fargo February 8, 1973, for which a loan was given. However, as previously discussed, title to the collateral, the equipment, was in AWMCO, not JAPE. The term "rights in collateral" as used by the Commercial Code has, as yet, no clear definition. (See, e.g., 3 Cal. Commercial Law (Cont. Ed. Bar 1966) § 2.6.) However, the Commercial Code recognizes that a

---

[1]All references are to the California Uniform Commercial Code unless otherwise noted.

debtor who does not own collateral may nonetheless use the collateral for security, thereby obtaining "rights in the collateral," when authorized to do so by the actual owner of the collateral. (See § 9112, and U. Com. Code comment following. See also § 9105, subd. (1)(d), and U. Com. Code comment 2 following.)

■ AWMCO was a subsidiary of JAPE. AWMCO executed a financing statement covering certain equipment, and the financing statement was filed by Wells Fargo. JAPE subsequently executed a security agreement and financing statement covering the same equipment, February 8, 1973, and that financing statement was also filed by Wells Fargo, February 14, 1973. By a document dated February 8, 1973, but not filed until February 26, 1973, Wells Fargo released its claim to any security interest in the equipment by reason of the financing statement which had been given by AWMCO to Wells Fargo. From this sequence of events, the trial court could reasonably have inferred that there was an agreement between AWMCO and JAPE that JAPE would be allowed to use AWMCO's equipment as collateral for a loan from Wells Fargo so long as JAPE could obtain a termination of AWMCO's liability to Wells Fargo by reason of the August 8, 1972, financing statement. Drawing that inference, the court impliedly found that JAPE had obtained rights in the collateral such that a valid security interest could attach to the collateral in favor of Wells Fargo by reason of the JAPE-Wells Fargo security agreement.

However, although the JAPE-Wells Fargo security attached first, it was not properly perfected first. Financing statements are required either to be signed by the debtor or to contain the debtor's name. (§ 9402, subds. (1), (3).) "Where the debtor and the owner of the collateral are not the same person, the term 'debtor' means the owner of the collateral in any provision of the division dealing with the collateral, the obligor in any provision dealing with the obligation, and may include both where the context so requires; . . ." (§ 9105, subd. (1)(d).) The purpose of the filing requirements for perfection of security interests is to guarantee that third parties will have notice of existing security interests in collateral, thus protecting credit transactions. (See U. Com. Code comments 2, 3, following § 9402.) In cases where the "debtor" is not the owner but has only obtained his rights in the collateral due to the owner's permission, a financing statement in the name of the "debtor" alone fails to give subsequent creditors of the owner any notice that the collateral is subject to a prior security interest. To avoid such potential fraud or misrepresentation, the term "debtor" as used in section 9402 must be taken as

referring to both the actual debtor and the owner of the collateral; i.e., *both* names are required on the financing statement to perfect the security interest. The financing statement filed by JAPE and Wells Fargo does not contain any reference to AWMCO, the owner of the collateral, and is therefore defective. Thus, appellant's judgment lien has priority over the imperfected JAPE-Wells Fargo security interest. (§ 9312, subd. (5)(b) [now subd. (5)(a), effective Jan. 1, 1976].)

*Avco Delta Corporation Canada Ltd.* v. *United States* (7th Cir. 1972) 459 F.2d 436, is distinguished. In *Avco,* the subsidiary of a parent company represented that certain personal property, actually owned by the first subsidiary, was owned by a second subsidiary. The second subsidiary entered into a perfected security agreement with Avco, using the property as collateral. Subsequently, the United States obtained a tax lien upon the property against the first subsidiary. In holding that Avco's security interest had priority over the tax lien, the court relied on an estoppel theory based upon Avco's good faith belief that the collateral was owned by the second subsidiary, not the first subsidiary. (459 F.2d at pp. 440-442.) In the present case, Wells Fargo knew that title was in AWMCO due to the original security agreement between AWMCO and Wells Fargo. Wells Fargo could not have believed that title had been transferred from AWMCO to JAPE on the basis of the evidence presented to the trial court; therefore there is no estoppel.

The order is reversed.

Rattigan, Acting P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.