[Civ. No. 68813. Second Dist., Div. Seven. May 17, 1984.]

SCT, U.S.A., INC., Plaintiff and Appellant, v.
MITSUI MANUFACTURERS BANK, Defendant and Respondent.

COUNSEL

Dennis, Juarez, Reeser, Shafer & Young and George A. Juarez for Plaintiff and Appellant.

Alschuler, Grossman & Pines, Robert A. Shlachter and Kim R. Maerowitz for Defendant and Respondent.

---

## Opinion

**JOHNSON, J.**—This appeal arises under the California Commercial Code. The parties are creditors of Jordan K. Rand (JKR), a wholesaler and importer of denim jeans. Appellant, SCT, U.S.A., Inc., (SCT), a manufacturer of jeans, argues its attachment lien against JKR's assets is superior to the prior security interest of respondent, Mitsui Manufacturers' Bank (Mitsui). Mitsui's security interest was perfected by the filing of a UCC-1 financing statement with the Secretary of State and extended by the filing of a UCC-2 continuation statement. SCT's only claim on appeal is the continuation statement was untimely by one day and thus invalid.

We hold the day of filing the financing statement is not included in computing the five-year period of its effectiveness. We also hold a continuation statement filed on the morning of the last day a financing statement is effective is timely under California Uniform Commercial Code section 9403, subdivision (2), which requires the continuation statement to be filed "prior to the expiration of the five-year [effectiveness] period" of the financing statement. We accordingly reject SCT's claims of error and affirm the judgment below.

I. *Statement of Facts and Proceedings Below.*

On January 13, 1977, Mitsui and JKR entered into an agreement which gave Mitsui a security interest in all JKR's inventory and other tangible and intangible property.[1] On January 25, 1977, Mitsui perfected its security interest by filing a UCC-1 financing statement with the California Secretary of State. California Uniform Commercial Code section 9403, subdivision (2) provides a financing statement is effective for five years.

Five years later, on January 25, 1982, Mitsui filed a UCC-2 continuation statement with the Secretary of State. California Uniform Commercial Code section 9403, subdivision (3) provides a continuation statement extends the effectiveness of a financing statement for another five years.

In November 1981, while Mitsui's original financing statement was still in effect, JKR orally contracted with SCT for the manufacture of $246,840

---

[1]JKR entered the agreement to induce Mitsui to extend further credit. As of June 15, 1982, JKR owed Mitsui $3,014,217, most of which was past due.

worth of denim jeans. On January 12, 1982, SCT filed a complaint against JKR alleging the jeans were manufactured and delivered but were never paid for by JKR. (SCT (U.S.A.) Inc., a California corporation v. Jordan K. Rand Limited, a California corporation, etc., et al. L.A. Super. Ct. No. C 396579.)

On April 28, 1982, the Los Angeles Superior Court issued a $120,920 writ of attachment in favor of SCT against JKR to secure approximately one-half of SCT's claim against JKR. The writ of attachment covered all of JKR's corporate property.

On June 14, 1982, at SCT's request, the sheriff levied on the writ of attachment by placing a keeper at the premises of JKR. The keeper attached all JKR's tangible and intangible assets and prohibited JKR from shipping merchandise to its customers.

Two days later on June 16, 1982, under the authority of Code of Civil Procedure section 689,[2] Mitsui delivered a verified third party claim under chattel mortgage with respect to JKR's attached property. The third party claim alleged the following: JKR owed Mitsui $3,014,217; the debt was secured by the attached property; and the value of the attached property was $1 million.

On June 22, 1982, SCT delivered to the sheriff its objection to Mitsui's third party claim. SCT also filed a petition for hearing to determine the validity of Mitsui's third party claim. A hearing was conducted on July 30, 1982, during which SCT essentially raised the same arguments it raises before this court. On August 2, 1982, the Los Angeles Superior Court rejected SCT's arguments and held valid Mitsui's third party claim. SCT filed a timely notice of appeal from this order.[3]

II. *Mitsui's Continuation Statement Was Timely.*

SCT does not dispute that a security interest has priority over a subsequent creditor's lien. (Cal. U. Com. Code, § 9312, subd. (5); *K.N.C. Wholesale, Inc.* v. *AWMCO, Inc.* (1976) 56 Cal.App.3d 315, 318 [128 Cal.Rptr. 345, 99 A.L.R.3d 473].) Its only claim on appeal is Mitsui's security interest

---

[2]Code of Civil Procedure section 689 sets out the procedure by which the holder of a chattel mortgage may file a third party claim on property which has been levied. The code sections dealing with third party claims were repealed and superseded by Code of Civil Procedure section 720.110 et seq. in 1982, operative July 1, 1983.

[3]SCT filed a petition for writ of mandate on October 1, 1982, which was summarily denied by Division Five of this court on November 8, 1982. (2 Civ. 66524.)

was not perfected on the ground it had lapsed because Mitsui filed its continuation statement one day late.

Mitsui filed its first financing statement on January 25, 1977. It claims the financing statement became effective on January 26, 1977, and remained effective until January 25, 1982. Thus, according to Mitsui, its continuation statement was timely filed on the morning of Monday, January 25, 1982, the five-year anniversary date of the filing of the financing statement.

SCT counters the financing statement was effective on January 25, 1977, the day it was filed. Since a financing statement is effective for five years SCT claims it was effective only until January 24, 1977, and a continuation statement should have been filed before that day.[4] SCT proffers an alternative argument in which it asserts even if the financing statement lapsed on January 25, 1982, the continuation statement was not timely because California Uniform Commercial Code section 9403, subdivision (2) requires the continuation statement to be filed "prior" to this lapse.

A. ■ The Day of Filing Is Excluded From the Five-year Period of Effectiveness of a Financing Statement.

California Uniform Commercial Code section 9403, subdivision (2) provides: "A filed financing statement is effective for a period of five years from the date of filing. The effectiveness of a filed financing statement lapses on the expiration of such five-year period unless a continuation statement is filed prior to such lapse. . . ."

Commercial Code section 9403, subdivision (3) provides: "A continuation statement may be filed by the secured party of record within six months prior to the expiration of the five-year period specified in subdivision (2). . . . [¶]Upon timely filing of the continuation statement, the effectiveness of the original statement is continued for five years after the last date to which the filing was effective . . . ."

Thus, a continuation statement which is filed within six months prior to the expiration of the filed financing statement will continue the effectiveness

---

[4]January 24, 1977, was a Sunday. When the day on which an act must be performed falls on a Saturday, Sunday or holiday, the extension statutes extend the time limit until the next business day. (Code Civ. Proc., §§ 12a, 12b; *In re Rodriguez* (1964) 60 Cal.2d 822, 826 [36 Cal.Rptr. 609, 388 P.2d 881].) Thus, if the last day for filing the continuation statement was Sunday, January 24, 1982, Mitsui's filing of the continuation statement on Monday, January 25, 1982, was timely if the extension statutes apply. (See *Heights* v. *Citizens National Bank* (1975) 463 Pa. 48 [342 A.2d 738, 742, 17 U.C.C.R.S. 337, 342].) Since we hold the financing statement was effective through midnight January 25, 1977, we need not consider SCT's claim these statutes are inapplicable.

of the financing statement for an additional five years. The Commercial Code does not provide a method of computing the five-year period of effectiveness of a filed financing statement. However, Code of Civil Procedure section 12 provides "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, . . . ." (Accord, Gov. Code, § 6800.)

SCT cites *Municipal Imp. Co.* v. *Thompson* (1927) 201 Cal. 629 [258 P. 955] and *Harrelson Rubber Co.* v. *Super Treads, Inc.* (M.D.Ga. 1980) 7 B.R. 532 [30 U.C.C.R.S. 1766] to support its contention that despite Code of Civil Procedure section 12's rule to the contrary, computation of the five-year period of effectiveness of a financing statement is made by including the day of filing as the first day of the five-year period.

In *Municipal Imp.* our high court interpreted the statutory language, "When . . . twenty days have elapsed since the posting . . . of the resolution of intention" as requiring inclusion of the day of posting in the computation of the 20-day period. (201 Cal. 629, 631.) The court held the unusual wording of the statute made Code of Civil Procedure section 12 inapplicable. However, inasmuch as subsequent cases have limited the method of computation used by the court in *Municipal Imp.* we find the case unpersuasive.

In *Ley* v. *Dominguez* (1931) 212 Cal. 587, 594 [299 P. 713], the Los Angeles City Charter provided that no ordinance shall go into effect "until the expiration of thirty days from its publication" and that petitions could be filed "at any time within the thirty days." Our high court refused to follow the *Municipal Imp.* rule and held the proper statutory interpretation was petitions could be filed within "thirty days *after* the publication, which necessarily excludes the day of publication." (*Ibid.*, italics in original.)

Similarly, in *Reichardt* v. *Reichardt* (1960) 186 Cal.App.2d 808 [9 Cal.Rptr. 225], the Court of Appeal refused to follow *Municipal Imp.* At issue in *Reichardt* was the expiration date of the prescribed three-year period for the filing of an application for modification of an alimony award. According to the court, computation of time "from" an event requires exclusion of the day of the event. (*Id.*, at p. 811.) The court in *Reichardt* criticized the *Municipal Imp.* computation method as an ancient English rule "which is not consistent with [California] statutory provisions" and "should be applied only to exceptional cases." (*Id.*, at p. 810.)

In *Harrelson Rubber Co.* v. *Super Treads, Inc.*, *supra*, 30 U.C.C.R.S. 1766, the other case relied on by SCT, the United States Bankruptcy Court, sitting in Georgia, held on the basis of Georgia common law that a contin-

uation statement must be filed the day before the anniversary date of the original filing of the financing statement. (*Id.*, at p. 1768.) Under Georgia law computation of time begins to run on the day when a particular benefit or penalty accrues. (*Ibid.*) The court in *Harrelson* observed, for example, that a two-year statute of limitations precluded the bringing of an action on the two-year anniversary date of the sustained injury.

■ In computing the statute of limitations periods in California, however, the day upon which the cause of action accrues is excluded and the anniversary date is included. (See *Wixted* v. *Fletcher* (1961) 192 Cal.App.2d 706, 709 [13 Cal.Rptr. 734] [exclusion of the first day applies in computing time for the statute of limitations and also in a variety of other procedural contexts].) Thus in *Wixted,* plaintiff's tort claim for personal injury was not barred by a one-year limitation period where the injury occurred on February 5, 1959, and the suit was not filed until February 5, 1969, the anniversary date. In light of *Wixted* we find *Harrelson* unpersuasive. ■ We hold Mitsui's financing statement, filed on January 25, 1977, became effective on the next day, January 26, 1977. It remained effective for five years, or through January 25, 1982.

B. ■ The Filing of the Continuation Statement on the Morning of January 25, 1982, Was Timely, Since the Effectiveness of the Financing Statement Lapsed at Midnight on January 25, 1982.

SCT next claims even if the financing statement did not lapse until January 25, 1982, the filing of the continuation statement on the day of the lapse is untimely. According to SCT since California Uniform Commercial Code section 9403, subdivision (2) requires the filing of a continuation statement "prior to" the lapse, in order to be timely the continuation statement must be filed the day before the last day of the financing statement's effectiveness. We disagree.

We have found no California cases on point. However, in a recent case the Pennsylvania Supreme Court rejected the identical argument raised here by SCT. (*Heights* v. *Citizens National Bank, supra,* 342 A.2d 738.) In *Heights* a financing statement was filed on March 19, 1962, and a continuation statement was filed on Monday, March 20, 1967. The appellant argued the Pennsylvania extension statutes did not apply because the Pennsylvania Code required filing of the continuation statement "prior to" the lapse. This argument was outright rejected by the Pennsylvania Supreme Court, "[A]ppellant urges that since Section 9-403(2) requires that a continuation statement be filed '*prior* to the lapse,' a secured party does not actually have five years in which to file but rather five years less one day—the last day of the five-year period being the day on which the original

statement lapses. Therefore, appellant argues that the last day of the filing period fell on Saturday, March 18, 1967, and not Sunday, March 19, 1967. Appellant's position is without merit. Even assuming that the last day of the period fell on Saturday, March 18, 1967, Citizens still would have had until Monday, March 20, 1967, to file since the Statutory Construction Act of 1972 clearly states that '[whenever] the last day of any such period shall fall on *Saturday or Sunday*, . . . such day shall be omitted from the computation.' 1 Pa.S., § 1908." (*Id.*, at p. 742, italics in original.)

The Pennsylvania Supreme Court thus held regardless of the "prior to" language of the Uniform Commercial Code section, the extension statutes would render timely the filing of the continuation statement on Monday, March 20, 1967. Moreover, the court rejected the argument that since Pennsylvania Uniform Commercial Code section 9-403, subdivision (2) requires the filing of a continuation statement "prior to the lapse." a secured party does not have five years in which to file, but rather five years less one day.

The California Commercial Code, like its Pennsylvania counterpart, requires filing of the continuation statement "prior to the expiration of the five-year period." (Cal.U.Com. Code, § 9403, subd. (3).) We have held the five-year period commences on the day after filing and ends on the day of the five-year anniversary of filing. Government Code section 6806 defines a "day" as the period of time between any midnight and the midnight following. Thus the financing statement filed by Mitsui lapsed at midnight on January 25, 1982. Mitsui's filing of the continuation statement on the morning of January 25, 1982, was therefore timely as it was "prior to" the lapse. Accordingly, the continuation statement continued the effectiveness of the financing statement for an additional five years and maintained the priority of Mitsui's security interest over SCT's attachment lien which was not created until June 1982.

DISPOSITION

The judgment is affirmed.

Thompson, Acting P. J., and Lew, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.