### No. 2,448.

IRON MOUNTAIN COMPANY, Petitioner, *v.* H. H. HAIGHT (Governor), Respondent.

CONSTRUCTION OF SECTION 17, ARTICLE IV, OF THE CONSTITUTION.—In computing the ten days within which a bill may be returned by the Governor to the house in which it originated, as provided by Section 17, Article IV, of the Constitution, the day on which the bill is presented to the Governor must be excluded from the computation.

APPLICATION to the Supreme Court for a writ of mandamus commanding the Governor to authenticate a bill passed by the Legislature.

(T.)

The other facts are stated in the opinion.

*J. W. Coffroth* and *B. F. Myers*, for Petitioner.

*Jo Hamilton*, Attorney General, for Respondent.

WALLACE, J., delivered the opinion of the Court:

It appears in this cause, that on the 18th day of March, 1870, at 11 o'clock 45 minutes in the forenoon, a bill entitled "An Act to encourage iron mining" ——, having passed both houses of the Legislature, was presented to the Governor, who retained it in his possession until the 30th day of March following, at half-past 2 o'clock in the afternoon, when he returned it to the Assembly, in which it originated, with his objections to its passage. Upon its reconsideration in the Assembly it did not pass that body by a majority of two thirds of the members present, and, thereupon, seems to have been considered and disposed of by the officers of the Assembly as a bill definitively defeated and rejected.

It is now claimed by the petitioner, however, that this bill became a law, because, as it is said, the bill (though ultimately returned to the Assembly with the Executive objections, and failing to again pass that body) was retained in the Executive possession for a longer time than the ten days prescribed by the last clause of Section 17, Article IV, of the Constitution.

It is said that whatever doubts may have arisen upon the rule of the common law as to the proper method of computation of time, when the count is to be made "from the date" or "from the day of the date," it is, nevertheless, settled that where the reckoning is to be made from an "act done," the day upon which it was done must, of necessity, be counted as one day, because if that day be excluded, then the count, instead of being from the act itself, is really from the day following the doing of the act, which would be a subsequent point of time. Of course, the particular hour of the day at which the bill was presented to the Governor, and the precise time of the subsequent day at which he

returned it to the Assembly are of no import, as it is conceded that the rule in that respect is that fractions of the day are not to be noticed unless in a case in which it becomes necessary to ascertain the relative order of occurrences happening on the same day.

The argument upon the proper rule of computation endeavors to present the case as one of the first impression in this Court. We do not, however, feel quite at liberty to treat the question as *res nova* here.

Upwards of twelve years since, it was solemnly determined by this Court, in the case of *Price* v. *Whitman* (8 Cal. 412), and it was then declared that the ten days given by the Constitution must be computed by excluding the day on which the bill is presented to the Governor. The case was decided, too, upon great deliberation, and after a re-argument. Even though the reasoning upon which the judgment passed in that case be unsatisfactory, the rule there laid down has, during the intervening period, been followed by the other departments of the Government as an ascertained rule of computation of time in the legislative proceedings of the State.

We think that we are bound by the gravest considerations of public order and security not, at this late day, to disturb the rule so distinctly and authoritatively settled, especially in view of the fact that during all this time the clause of the Constitution under consideration, with the interpretation thus put upon it by our predecessors, has remained unaltered by the people, though several important amendments to that instrument have in the meantime been adopted.

Demurrer to the petition sustained.