Filed 11/10/14  Godales v. County of Los Angeles CA2/7

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| VICTOR GODALES,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>COUNTY OF LOS ANGELES et al.,<br><br>    Defendants and Respondents. | B251745<br><br>(Los Angeles County<br>Super. Ct. No. BS139239) |

　　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Joanne O'Donnell, Judge.  Affirmed.

　　　　Green & Shinee and Elizabeth J. Gibbons for Plaintiff and Appellant.

　　　　Law Offices of William Balderrama, William Balderrama and Daniel C. Carmichael, III for Defendants and Respondents.

_____

Los Angeles County Sheriff's Deputy Victor Godales pleaded no contest to aiding or abetting a motor vehicle speed contest on a highway.  After he was suspended for 20 days based on the underlying criminal conduct, Godales petitioned for writ of mandate to set aside the disciplinary action on the ground the Los Angeles County Sheriff's Department (Department) did not notify him of the proposed discipline within the one-year limitations period set forth in the Peace Officers' Bill of Rights Act (POBRA) (Gov. Code, § 3304, subd. (d).)[1]  The trial court sustained the Department's demurrer to Godales's first amended petition without leave to amend and entered a judgment dismissing the petition.[2]  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

After an off-duty collision on May 6, 2010, Deputy Godales was arrested and charged with driving under the influence of alcohol (Veh. Code, § 23512, subds. (a) & (b)); and the Department's Internal Affairs Bureau opened an investigation.  On July 29, 2010 Godales pleaded no contest to aiding or abetting a motor vehicle speed contest on a highway (Veh. Code, § 23109, subd. (b)); the driving under the influence charges were dismissed.  On August 25, 2010 the Internal Affairs Bureau completed its investigation.  On July 29, 2011 Godales was served with a letter of intent to suspend him for 20 days without pay or benefits.  He was suspended on November 29, 2011.

Godales petitioned for a writ of mandate to rescind the disciplinary action and reimburse him for back pay and benefits on the ground he had not been informed of the disciplinary action until one day after the statutory deadline had passed.  The Department demurred to Godales's first amended petition, arguing POBRA's one-year limitations period, which does not begin to run until the Department learns of the alleged misconduct—here, May 6, 2010—was tolled during the time the criminal investigation

---

[1] Statutory references are to the Government Code unless otherwise indicated.

[2] Although the amended petition also named the County of Los Angeles, Sheriff Lee Baca and various Department personnel as defendants, for ease of reference we refer only to the Department as the defendant.

2

and prosecution were pending (§ 3304, subd. (d)(2)(A))—that is, from May 6, 2010 through July 29, 2010. Accordingly, the Department had one year from July 29, 2010 to inform Godales of the proposed disciplinary action. The Department then asserted under Code of Civil Procedure section 12, which generally sets forth the method for calculating limitations periods, the day on which Godales pleaded no contest (July 29, 2010) was properly excluded from the calculation. As a result, the Department had until July 29, 2011 to serve its notice of intent, which it did.

In his opposition Godales agreed the one-year limitations period was tolled until July 29, 2010, but insisted that day should be included in calculating the 365-day limitations period. Using Godales's method for determining the limitations period, the notice of intent had to be served no later than July 28, 2011 and thus was untimely. Relying on *Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1078-1079 (*Breslin*), the trial court found Code of Civil Procedure section 12 was applicable, sustained the Department's demurrer without leave to amend and thereafter entered a judgment dismissing Godales's petition.

**DISCUSSION**

1. *Standard of Review*

A demurrer tests the legal sufficiency of the factual allegations in a complaint or petition. We independently review the superior court's ruling on a demurrer and determine de novo whether the pleading alleges facts sufficient to state a cause of action or discloses a complete defense. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415; *Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 967.) We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. (*Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 20; *Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.) We liberally construe the pleading with a view to substantial justice between the parties. (Code Civ. Proc., § 452; *Schifando*, at p. 1081.)

We also review de novo issues of statutory construction. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 311; *People ex rel. Lockyer v. Shamrock Foods Co.* (2000)

3

24 Cal.4th 415, 432.)  In construing statutes "[o]ur fundamental task . . . is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute[s].  [Citation.] We begin by examining the statutory language, giving the words their usual and ordinary meaning.  [Citation.]  If there is no ambiguity, then we presume the lawmakers meant what they said, and the plain meaning of the language governs.  [Citations.]  If, however, the statutory terms are ambiguous, then we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.  [Citation.]  In such circumstances, we '"select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute, and avoid an interpretation that would lead to absurd consequences."'"  (*Day v. City of Fontana* (2001) 25 Cal.4th 268, 272; accord, *People v. Lawrence* (2000) 24 Cal.4th 219, 230.)

2. *Godales Was Timely Notified of the Disciplinary Action*

Section 3304 provides a number of procedural rights for public safety officers who may be accused of misconduct in the course of their employment.  Section 3304, subdivision (d)(1), establishes a limitations period specifying that "'no punitive action' may be imposed upon any public safety officer for alleged misconduct unless the public agency investigating the allegations 'complete[s] its investigation and notif[ies] the public safety officer of its proposed disciplinary action' within one year of discovery of the alleged misconduct."  (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 317.)[3]

_____

3        Section 3304, subdivision (d)(1), states, "Except as provided in this subdivision and subdivision (g), no punitive action, nor denial of promotion on grounds other than merit, shall be undertaken for any act, omission, or other allegation of misconduct if the investigation of the allegation is not completed within one year of the public agency's discovery by a person authorized to initiate an investigation of the allegation of an act, omission, or other misconduct.  This one-year limitation period shall apply only if the act, omission, or other misconduct occurred on or after January 1, 1998.  In the event that the public agency determines that discipline may be taken, it shall complete its investigation and notify the public safety officer of its proposed discipline by a Letter of Intent or Notice of Adverse Action articulating the discipline that year, except as provided in paragraph (2) [concerning an act that is also the subject of a criminal investigation or

4

Although "[l]imitations statutes ordinarily establish the period in which an action must be *initiated*," "section [3304, subdivision (d)(1),] functions as a limitations period," on investigation of "alleged acts or omissions which *may* lead to punitive actions." (*Id.* at pp. 323, 324.) Section 3304, subdivision (d)(2)(A), provides the limitations period is tolled during the pendency of any criminal investigation of, or criminal prosecution for, the misconduct. (See *Breslin*, *supra*, 146 Cal.App.4th at p. 1169.)[4]

Code of Civil Procedure section 12, setting forth "the 'ordinary rule of computation of time'" (*Ley v. Dominguez* (1931) 212 Cal. 587, 594), provides, "The time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." (Code. Civ. Proc., § 12.) As the *Ley* Court explained, "The gravest considerations of public order and security require that the method of computing time be definite and certain. Before a given case will be deemed to come under an exception to the general rule the intention must be clearly expressed that a different method of computation was provided for." (*Ley*, at pp. 594-595; accord, *In re Rodriguez* (1964) 60 Cal.2d 822, 825-826; *Latinos Unidos de Napa v. City of Napa* (2011) 196 Cal.App.4th 1154, 1161; see *In re Anthony B.* (2002) 104 Cal.App.4th 677, 682 ["[a]bsent a compelling reason for a departure, [Code Civ. Proc., § 12] governs the calculation of *all* statutorily prescribed time periods"].)

Godales contends the trial court erred in applying Code of Civil Procedure section 12 because section 3304, subdivision (d)(2)(A), unambiguously provides the limitations period is tolled only while the criminal investigation or prosecution is pending and does not expressly exclude the day on which tolling ends or refer to Code of Civil

prosecution]. The public agency shall not be required to impose the discipline within that one-year period."

[4] Section 3304, subdivision (d)(2)(A), states, "If the act, omission, or other allegation of misconduct is also the subject of a criminal investigation or criminal prosecution, the time during which the criminal investigation or criminal prosecution is pending shall toll the one-year time period."

5

Procedure section 12. He argues the criminal investigation and prosecution were no longer pending on July 29, 2010, the day he pleaded no contest, so it should have been included in the calculation of the one-year limitations period.

As a threshold matter, it is unassailable Code of Civil Procedure section 12 applies to section 3304, subdivision (d)(1), which does not clearly express an intention the limitations period should be computed in a different manner. (See *Ley v. Dominguez*, *supra*, 212 Cal. at pp. 594-595.) Moreover, the legislative history of POBRA does not support an argument Code of Civil Procedure section 12 is inapplicable. As the *Mays* Court explained, and Godales argues, "in enacting section 3304(d), it is clear that the Legislature was focused upon preventing a perceived lack of fairness caused by a drawn-out investigatory process . . . ." (*Mays*, *supra*, 43 Cal.4th at p. 324; see *ibid*. ["[r]elevant committee reports express concern about the length of disciplinary investigations and focus upon the need to conclude those investigations in a timely fashion"].) Nevertheless, whether the last day of the tolling period is included or excluded from the calculation of the limitations period is not the kind of delay POBRA was intended to address.

It is not as clear Code of Civil Procedure section 12 applies to section 3304, subdivision (d)(2)(A)—a tolling provision.[5] However, even without application of Code of Civil Procedure section 12 to the tolling provision, the notice to Godales was timely. The Department learned of the alleged misconduct as a result of Godales's arrest on the same day as the initiation of the criminal investigation. Tolling thus began at the very inception of the limitations period. Accordingly, July 29, 2010—the day Godales pleaded no contest and tolling ceased—must be considered as the functional equivalent of the day the misconduct was discovered. That day, pursuant to section 3304, subdivision (d)(1), and Code of Civil Procedure section 12, is not included in the calculation of the one-year limitations period: In parlance familiar to practitioners and

---

[5] "If a limitation provision is tolled, it means the period in which one is required to act is suspended, that is, it does not run during the tolling period." (*Parra v. City and County of San Francisco* (2006) 144 Cal.App.4th 977, 993, fn. 10.)

6

judges in our criminal courts, it was "day zero of 365." (See generally *Barsamyan v. Appellate Division of Superior Court* (2008) 44 Cal.4th 960, 968; *People v. Superior Court* (*Alexander*) (1995) 31 Cal.App.4th 1119, 1126, fn. 5.) July 29, 2011 was, therefore, the 365th day; and the notice of intent was timely served on Godales. The *Breslin* court reached the same result on analogous facts although it did not explain its rationale. (See *Breslin*, *supra*, 146 Cal.App.4th at p. 1079 [applying Code Civ. Proc., § 12 "the one-year statute of limitations did not begin to run until February 11, 1999, the day after" the criminal investigation formally ended and officers had been notified].)

A different approach based on guidance from the Supreme Court in *Woods v. Young* (1991) 53 Cal.3d 315 yields the same result: "Tolling may be analogized to a clock that is stopped and then restarted. Whatever period of time that remained when the clock is stopped is available when the clock is restarted, that is, when the tolling period has ended." (*Id.* at p. 326, fn. 3.) On the day the clock stopped, essentially there were 366 days left because of the exclusion of the first day from the limitations calculation. Consequently, on the day the clock restarted—July 29, 2010—there were 366 days remaining—until July 29, 2011.

*Ganahl v. Soher* (1884) 2 Cal.Unrep. 415 (*Ganahl*), relied upon by Godales, does not compel a different conclusion. *Ganahl* involved Code of Civil Procedure section 328, which excluded (as it does now) from the limitations period the time during which a person otherwise entitled to commence certain real property actions is under the age of majority. The question was when the plaintiff reached legal age, a surprisingly difficult issue with subsequent cases coming to different conclusions for 100 years until the Supreme Court's decision in *In re Harris* (1993) 5 Cal.4th 813 (*Harris*). As the *Harris* Court explained, whether a person attained a certain age on his or her birthday, or the preceding day, "would be easily answered" if it were not a legal question, because "the common, everyday method of age calculation holds" that a person attains that age on "his or her corresponding birthday. Nevertheless, the common law rule for calculating a person's age has always been that one reaches a given age at the earliest moment of the day *before* their anniversary of birth." (*Id.* at p. 844.) The *Harris* Court held the

7

Legislature had abrogated the common law rule in favor of the "birthday rule" when it enacted former Civil Code section 26 providing, "'The periods specified in [former Civil Code section 25 stating male minors are under 21 years of age and female minors are under 18 years of age] must be calculated from the first minute of the day on which persons are born to the same minute of the corresponding day completing the period of minority.'" (*Harris*, at p. 844.) Although the *Ganahl* Court did not mention the common law rule when it applied former Civil Code section 26 to the facts at issue, its holding was consistent with rejection of the common law rule. (See *Harris*, at p. 846.) Having determined the date of which the plaintiff attained the age of majority, without any further discussion the *Ganahl* Court then held that date should be included in calculating the governing five-year limitations period. *Ganahl*, involving the specific issue of age calculation, is not binding in this entirely different context, nor is it instructive because it was concerned with a different statute and common law history.

Godales also relies on several cases in which the day a criminal investigation was completed was included in the limitations calculation under POBRA. (See *Richardson v. City and County of San Francisco Police Com.* (2013) 214 Cal.App.4th 671, 693; *Crawford v. City of Los Angeles* (2009) 175 Cal.App.4th 249, 252-254; *Parra v. City and County of San Francisco* (2006) 144 Cal.App.4th 977, 993.) However, whether that one day was included or excluded from the calculation was not outcome determinative in any of those cases; and none analyzes the issue. (See *People v. Jennings* (2010) 50 Cal.4th 616, 684 ["'cases are not authority for propositions not considered'"].)

## DISPOSITION

The judgment is affirmed. The defendants are to recover their costs on appeal.


PERLUSS, P. J.

We concur:


WOODS, J.                    ZELON, J.

8